UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| KEVIN LEE ROSS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:24-cv-00314-SDN |
| | ) | |
| ADMINISTRATOR PIKE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks relief from various officials and inmates at the Somerset County Jail, where Plaintiff is currently confined. (Complaint, ECF. No. 1.) Plaintiff filed an application to proceed without prepayment of fees, which application the Court granted. (Application, ECF No. 2; Order, ECF No. 5.) In accordance with the statute governing matters in which a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or . . . as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

**FACTUAL BACKGROUND**

Plaintiff alleges that other inmates in Somerset County Jail have threatened, bullied, harassed, assaulted, spit at, and thrown items at him. He also asserts that other inmates

destroyed and stole his property.  Plaintiff alleges that Defendants Poulard, Houston, and Soucy, inmates at the jail, are primarily responsible for initiating the conduct. According to Plaintiff, he has complained to jail staff and administration, but they have not taken any action to assist or protect him.

## LEGAL STANDARD

Title 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams,* 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

2

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed in toto to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez*, 711 F.3d 49, 55 (1st Cir. 2013) (quoting T*wombly*, 550 U.S. at 569 n. 14).

## DISCUSSION

### A.    Plaintiff's Section 1983 Claim

Plaintiff's complaint could be construed to attempt to assert an Eighth Amendment claim against the defendants under 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

### 1.    Under Color of State Law

"[G]enerally, a public employee acts under color of state law while acting in [the employee's] official capacity or while exercising [the employee's] responsibilities pursuant

3

to state law." *West v. Atkins*, 487 U.S. 42, 50 (1988).  The defendants employed by Somerset County Jail are alleged to have acted in their official capacities during the alleged events and, therefore, could be liable under section 1983.  Defendants Poulard, Houston, and Soucy, however, are private citizens who cannot be liable under section 1983.[1]

### 2.    Eighth Amendment Claim

The Cruel and Unusual Punishment Clause of the Eighth Amendment, as applied to the states through the Fourteenth Amendment, imposes a duty on prison officials to protect inmates from violence at the hands of other inmates.  *Lakin v. Barnhart*, 758 F.3d 66, 70 (1st Cir. 2014).  "That duty has its origins in the forced dependency of inmates[.]"  *Giroux v. Somerset Cty.*, 178 F.3d 28, 31 (1st Cir. 1999).  "Having incarcerated 'persons [with] demonstrated proclivit[ies] for antisocial criminal, and often violent, conduct,' having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1970) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526 (1984)).

Under the law, however, not every incident of prisoner-on-prisoner violence that results in injury gives rise to constitutional liability.  *Lakin*, 758 F.3d at 70.  To raise a genuine issue of constitutional liability, a plaintiff must demonstrate that he or she was

---

[1] "[P]rivate parties may be liable as state actors when they '[are] willful participant[s] in joint activity with the State or its agents.'"  *Office of Pub. Guardian v. Elliot Hosp.*, 630 F. Supp. 345, 352 (D. N.H. 2022) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 133, 152 (1970)); *Dennis v. Sparks*, 449 U.S. 24, 27–29 (1980).  Beyond conclusory statements, Plaintiff fails to assert any facts that would support a finding that Defendants Poulard, Houston, and Soucy acted jointly with the state actors to deprive him of his rights.

"incarcerated under conditions posing a substantial risk of serious harm," and that the defendant "acted, or failed to act, with 'deliberate indifference to inmate health or safety.'" *Id.* (quoting *Farmer*, 511 U.S. at 834).  In other words, a plaintiff must satisfy both an objective standard (substantial risk of serious harm) and a subjective standard (deliberate indifference) in order to prove a claim of deliberate indifference.  *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (en banc).  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847; *Burrell v. Hampshire Cty.*, 307 F.3d 1, 8 (1st Cir. 2002) (citing *Farmer*, 511 U.S. at 844) ("Prison officials cannot be indifferent, of course, if they are unaware of the risk.  But even if they are aware, they cannot be deliberately indifferent if they responded reasonably to the risk, even if the harm ultimately was not avoided.").

Plaintiff's complaint fails to allege an actionable Eighth Amendment claim against the jail administrator.  First, some of the conduct about which Plaintiff complains is insufficient to give rise to constitutional liability.  *See, e.g*, *Reichert v. Abbott*, No. 19-1876, 2020 WL 5588647, at *1 (1st Cir. June 8, 2020) ("verbal abuse or harassment has not been found to violate the Eighth Amendment"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Knowles v. Maine*, No. No. 9-282-B-W, 2009 WL 3517589, at *3 (D. Me. Oct. 29, 2009); *cf.* 1 Rights of Prisoners § 3:44 (5th ed.) (identifying beatings, assaults, and rapes as types of serious harms). In addition, Plaintiff's complaint primarily consists of conclusory allegations of harassment and bullying, which allegations are not actionable.

Finally, the details that Plaintiff does provide – e.g., inmates referring to him as "skinner and ripper" – are not actionable. *Badger v. Correct Care Sols.*, No. 1:15-cv-00517-JAW, 2016 WL 1430013, at *4, (D. Me. Apr. 11, 2016) ("The First Circuit has established that '[f]ear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.'") (quoting *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991), *abrogated on other grounds*, *Martinez v. Cui*, 608 F.3d 54 (1st Cir. 2010)).  Similarly, while Plaintiff asserts that inmates have thrown items such as cups and trays at him, he has not alleged a related harm that could be deemed serious.

Even if Plaintiff's allegations were considered sufficient to support an Eighth Amendment claim generally, Plaintiff has not alleged sufficient facts to support a claim against the jail administrator.  Although he alleges that he, his cellmate, and another inmate have complained of the behavior of the other inmates to "every sergeant, corporal, lieutenant, and officer," he has not alleged in sufficient detail when in relation to the alleged conduct the complaints were made, to whom the complaints were made, and the substance of the complaints.  In other words, Plaintiff has not alleged enough facts to support a finding that the jail administrator was aware of the alleged conduct. [2]

---

[2] Plaintiff also states his cellmate's wife made a report to the Somerset County Sheriff's Office regarding the behavior, but he does not describe the information in the report or the date on which the report was made.

### 3.      Violation of Criminal Statutes

Plaintiff also alleges that the actions of Defendants violate several federal and state criminal statutes.  (*See* Complaint at 7–8, 11, 14–17, 19, ECF No. 1.)  However, "it is well-settled that criminal statues do not provide a private cause of action. . . ." *Lundgren v. Universal Wilde*, 384 F. Supp. 3d 134, 136 (D. Mass. 2019); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("Generally, a private citizen has no authority to initiate a federal criminal prosecution.  Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242.").  To the extent Plaintiff seeks to assert a claim based on the violation of a criminal statute, Plaintiff's claim fails.

### 4.      42 U.S.C. §§ 1985–1986

Plaintiff cites 42 U.S.C. §§ 1985–1986 as a source of potential relief.  (Complaint at 8–10, ECF No. 1.)  Section 1985 creates a cause of action against any two or more persons who conspire to (1) prevent United States officers from performing their duties, (2) deter any party or witness from participating in court proceedings, (3) injure a juror, or (4) go on the highway or premises of another with the purpose of depriving any person or class of person of equal protection of the laws.  42 U.S.C. § 1985.  Section 1986 applies to anyone who neglects to prevent the wrongs outlined in section 1985.  Plaintiff's allegations lack factual support for a conspiracy-related claim under sections 1985 and 1986..

### 5.      Tort Claim

Plaintiff asserts a claim of Intentional Infliction of Emotional Distress against Defendants. (Complaint at 18, ECF No. 1.)  Because Plaintiff has not asserted a federal claim, there is no federal claim to which the state law claim would be related for purposes

of the Court's supplemental jurisdiction.  28 U.S.C § 1367(a), (c); *Rodriquez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1ˢᵗ Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims.")

CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the matter.

**<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

<u>/s/ John C. Nivison</u>
U.S. Magistrate Judge

Dated this 3rd day of October, 2024.