UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| KEVIN LEE ROSS, | ) |
| Plaintiff | ) ) ) |
| v. | ) ) 1:24-CV-00314-SDN ) |
| ADMINISTRATOR PIKE, et al., | ) ) |
| Defendants | ) |

**ORDER AFFIRMING RECOMMENDED DECISION**
**OF THE MAGISTRATE JUDGE**

On October 3, 2024, the United States Magistrate Judge filed with the court, with a copy to Plaintiff, his Recommended Decision after a preliminary review of the Plaintiff's Complaint under 28 U.S.C. § 1915. Recommended Decision (ECF No. 6). The Magistrate Judge pointed out several fatal deficiencies in Plaintiff's Complaint. First, he noted that Defendants Poulard, Houston, and Soucy are private citizens and, as such, they cannot be liable under section 1983, which applies only to public employees acting under color of state law. Recommended Decision at 3-4. The Magistrate Judge also found that plaintiff's Eighth Amendment claims against the jail administrator fail for three reasons: 1) some of the conduct of which Plaintiff complains is insufficient to give rise to constitutional liability; 2) Plaintiff's Complaint consists of conclusory allegations of harassment and bullying, which are not actionable; and 3) the details Plaintiff does provide, such as inmates referring to him as "skinner and ripper" and throwing cups and trays at him, are not actionable. Recommended Decision at 5-6. On these claims, the Magistrate Judge concluded that even if Plaintiff's allegations were sufficient to support an Eighth Amendment claim generally, Plaintiff did not allege sufficient facts to support a finding that the jail administrator was aware of the conduct. Recommended Decision

at 6. In addition, the Magistrate Judge held that any claims Plaintiff attempted to assert based on a violation of a criminal statutes fails because private citizens have no authority to initial federal criminal proceedings. Recommended Decision at 7. The Magistrate Judge held that Plaintiff's allegations lack factual support for a conspiracy-related claim under sections 1985 and 1986. Recommended Decision at 7. Finally, the Magistrate Judge found that because Plaintiff failed to assert a federal claim, there is no federal claim for which a state claim of Intentional Infliction of Emotional Distress would be related to for purposes of supplement jurisdiction. Recommended Decision at 7-8.

The plaintiff filed a timely objection to the Recommended Decision on October 18, 2024. (ECF No. 12). I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision and determine that no further proceeding is necessary.

It is therefore ORDERED that the Plaintiff's objection (ECF No. 12) is OVERRULED and the Recommended Decisions of the Magistrate Judge (ECF No. 6) are hereby ADOPTED. It is further ORDERED that, in accordance with 28 U.S.C. § 1915, the Plaintiff's complaint is DISMISSED.

The Court is obliged to warn Plaintiff that repeated groundless and frivolous filings may result in sanctions up to and including dismissal of this action and future filing restrictions. See *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993) (requiring that the Court warn any litigant before restricting the litigant's ability to file).

**SO ORDERED.**

Dated this 25th day of October, 2024.

/s/ Stacey D. Neumann
U.S. DISTRICT JUDGE